No. 3148.—M. E. BAIRD et als. *v.* A. LEMEE, Attorney of the Absent
Heirs of MAHALA SPROWL et al.

The community resulting from marriage is not a partnership. A judgment creditor of the
surviving spouse may, therefore, seize and sell an asset of the community in satisfaction
of his demand, and the heirs of the deceased partner can not set up their residuary
rights by way of injunction, and require the rules of partnership settlement of debts to
be applied to the settlement of the debts of the community.

APPEAL from the Ninth Judicial District Court, parish of Natchi-
toches. *Orsborn,* J. *R. J. Bowman,* for plaintiffs and appellees.
*Chaplin, Morse & Chaplin,* for defendants and appellants.

WYLY, J. In the year 1859, during the lifetime of Mary W. Law-
son, his wife, Daniel Brown, the father of plaintiffs, obtained in the
suit entitled " A. V. Roberts, Administrator of the Succession of
Samuel and Susan Quarles *v.* W. W. Brown et al.," No. 5050, a final
judgment against the plaintiff in that suit for the sum of eighteen
thousand dollars, besides interest, affirmed by the Supreme Court in
1860. 15 An. 696. On the thirtieth day of March, 1859, Daniel Brown
was appointed and qualified as executor of the last will and testament
of Mahala Sprowl, deceased. On the fifth day of January, 1860, the
executor, D. Brown, sold at public sale all the property belonging to
said succession. Mary Lawson, the wife of Daniel Brown, died in the
month of April, 1860, and on the fifth day of February, 1866, Daniel
Brown filed his final account of the administration of said succession
of Mahala Sprowl. This account of administration (which contains
evidence of the receipt by the executor, in cash, prior to the death of
Mary Lawson, from sale of cotton, movables, etc.,) was opposed in the
suit entitled " A. Lemee, Attorney of Absent Heirs, *v.* Daniel Brown,.
Executor," No. 6719, and a judgment was rendered against said
executor for the sum of seventeen thousand seven hundred and ninety-
three dollars, with interest. 21 An. 544.

On the twelfth October, 1869, a writ of *fieri facias* was issued from
the judgment in No. 6719 and all the right, title and interest of Daniel
Brown in and to the judgment rendered in his favor in suit No. 5050,.
was seized on the fifteenth October, 1869, and advertised for sale on
the fourth December, 1869. The plaintiffs in this suit obtained a writ
of injunction to arrest the sale of the judgment under seizure. In
their petition they allege, in substance, that the defendants in this.
suit are the creditors of Daniel Brown, individually; that the judg-
ment in suit No. 5050, now under seizure, is a community asset, and is
not liable to seizure for the individual debt of the surviving partner
in community. They aver that an action of partition is pending.
between themselves and their father, Daniel Brown; that he is largely
indebted to them on account of their interest in the community for—
merly existing between him and his wife, Mary Lawson; and they
also claim damages for the wrongful seizure of said judgment

Baird et als. v. Lemee.

The defendants deny the indebtedness of Brown to the plaintiffs and aver that the judgment seized is liable for the debt due them by said Brown, which they allege is a community debt. They also pray for a dissolution of the injunction with damages and plead the prescription of one and four years to plaintiffs right of action.

The court gave judgment in favor of the plaintiffs, perpetuating the injunction, and the defendants have appealed.

The bill of exceptions taken by the plaintiffs to the ruling of the court in admitting evidence to prove that the judgment of the defendants against Daniel Brown was for a community debt, was not well taken. It was not received for the purpose of enlarging or diminishing the judgment, but to ascertain a fact raised in the pleadings, to wit: whether the debt on which the said judgment was founded was a community debt or not.

It is shown by the evidence that the debt on which the defendants' judgment is based was a community debt, and the judgment seized thereunder is a community asset.

"The community of property created by marriage is not a partnership; it is the effect of a contract governed by rules prescribed for that purpose in this code." C. C. 2778.

It is not subject to the rule of partnership which prevents the seizure of a particular asset belonging to it, and as to the creditors of the community the heirs of the deceased partner in community can not set up their residuary rights and require the rules of partnership settlement to be applied to the settlement of the debts of the community. If the community "be dissolved by the death of the wife, the survivor is generally alone applied to for the satisfaction of the community debts, and the wife or her representatives, although their distinct interest to the community attaches at the dissolution of the marriage, subject to their right to renounce and be exonerated from the payment of the community debts, have nothing to claim out of the acquets and gains until such · debts are paid and liquidated." Lawson v. Ripley, 17 La. 246; 12 An. 222; 2 An. 30; 1 R. 378; 7 R. 398.

Our conclusion is that the judgment of the court perpetuating the injunction is erroneous.

It is therefore ordered that the judgment appealed from be avoided and annulled; and it is now ordered that the injunction be dissolved and there be judgment for the defendants, the plaintiffs paying costs of both courts.

Rehearing refused.