### No. 11,353.

SUCCESSION OF HARRIET R. HOOKE, WIFE OF JOSEPH H. ASHBEY.

Where a matrimonial community of acquets and gains exists and the wife dies and her succession is opened by the qualification of the husband as natural tutor of his minor children issue of his marriage with the decedent, a creditor who has obtained a judgment on a community debt can not compel an administration of the wife's succession. His remedy is to proceed against the surviving husband and the community property.

APPEAL from the Civil District Court, Parish of Orleans.
  *Ellis, J.*

*J. Zach. Spearing* Attorney for Opponents and Tutor, Appellees:

The holder of a judgment or claim against the husband can not claim the amount of same from, and is not by virtue thereof a creditor of, the succession of the deceased wife. R. Ö. C. 2398; Succession Clark, 27 An. 269, 270; Reihl vs. Martin 29 An. 16; Succession of Bofenschem, 29 An. 714.

A person who is not a creditor of a succession, and has no interest therein, can not cause the appointment of an administrator to the same. Succession Poret, 26 An. 158; Succession Story, 3 An. 502; Succession Walker, 52 An. 321; Succession Hebert, 33 An. 1099; Succession Sarrazin, 34 An. 1168; Soye vs. Price, 30 An. 93.

The beneficiary heir, present and of age, is preferred in the appointment as administrator, where one is necessary; on his default, the natural tutor of the minor heir will be preferred, R. C. C. 1042, 1044, 1046, 1121; Succession Romero, 42 An. 896, 897; Succession Sloane, 12 An. 610, 611; Succession Sutton, 20 An. 150, 151; Succession Daigle, 27 An. 524, 525.

*J. S. Whitaker* and *Ernest T. Florance* Attorneys for Appellees:

Where the succession of a wife owns community property and has been accepted under benefit of inventory, but no administrator has been appointed thereto, a creditor of said community can compel the appointment of an administrator. C. C. 1041.

The succession of a wife owns her share of the community property, encumbered with the community debts. 36 An. 454, Dickson vs. Dickson; 32 An. 852, Tugwel vs. Tugwell.

The opinion of the court was delivered by

PARLANGE, J.   Harriet R. Hooke, wife of Joseph H. Ashbey, died in 1884.   A matrimonial community of acquets and gains had existed between her and her husband, who is still surviving.   Shortly after her death, her husband, alleging that his wife had died intestate, leaving both separate and community property, obtained from the Civil District Court for the parish of Orleans, an order for the taking of an inventory of the property left by the decedent; he was appointed and he qualified as the natural tutor of his three minor children, issue of his marriage with the decedent.   An under-tutor was also appointed and qualified.   The inventory amounted to $12,456.15½, the interest of the decedent in the community property being valued at $1869.37½ and her separate property at $10,586.78.

In 1885, Mary J. Ashbey, as natural tutrix of her minor children, obtained a judgment in said Civil District Court against Joseph H. Ashbey, on a balance of account for $5437.92 and interest, which account Joseph H. Ashbey had rendered Mary J. Ashbey prior to

the death of the wife of Joseph H. Ashbey and which account constituted a community debt.

In 1893, James H. Ashley filed a petition in the succession of Harriet R. Hooke, wife of Joseph H. Ashbey, alleging that Joseph H. Ashbey, since his appointment as natural tutor of his children and since the taking of the inventory, has taken no action whatever in said succession; that the same remains unsettled; that Joseph H. Ashbey refuses to either settle or acknowledge claims against said succession; that he refuses to represent the same; that the petitioner is a creditor of the same and prays to be appointed administrator.

The application is opposed by Mary Ashbey, one of the heirs now of age of the deceased wife of Joseph H. Ashbey and by the latter as natural tutor of, one of his children, for the reasons that the application is not properly made or filed according to law; that James H. Ashbey is not a creditor of the succession and has no right and is not a proper person to be appointed administrator; and that the succession owes no debts, and the appointment of an administrator is unnecessary.

The opponent, Joseph H. Ashbey, prayed in the alternative to be appointed administrator in case petitioner's application should not be rejected.

On the trial of the matter, James H. Ashbey offered in evidence the judgment rendered against Joseph H. Ashbey in 1885 and also the account upon which that judgment was based. James H. Ashbey also offered a judgment of said Civil District Court rendered in 1893 in the succession of one James H. Ashbey recognizing and putting in possession his sole heirs, among whom is James H. Ashbey, the party to the instant case. We understand that the claim of the latter to be a creditor of the present succession is founded on the fact that the judgment against Joseph H. Ashbey belonged to the succession of one James H. Ashbey, of whom the James H. Ashbey, party to the instant case, is one of the heirs.

The lower judge rendered judgment ordering an administration, and he appointed Joseph H. Ashbey the administrator. The opponents have appealed.

In our opinion the judge a quo erred. Under the circumstances of this case he should not have ordered an administration. It is settled that notwithstanding the actual dissolution of a matrimonial com-

munity of acquets and gains by the demise of one of the spouses, it has a fictitious existence subsequently for the purposes of liquidation and ·payment of community debts. Succession of Dumestre, 41 An. 411; Factors and Traders' Insurance Company vs. Levi *et al.*, 41 An. 434; Landreaux *et al.* vs. Louque, 43 An. 234, and cases therein cited; Succession of Cason, 32 An. 792.

The judgment being a conceded community debt, we see nothing to prevent its owner or owners from proceeding against Joseph H. Ashbey, who was the head of the community, and against the community property, for the satisfaction of the judgment.

It is therefore ordered that the judgment appealed from be annulled, reversed and set aside, and that the application of James H. Ashbey for an administration of the succession of Harriet R. Hooke, deceased wife of Joseph H. Ashbey, be and the same is hereby rejected and dismissed at the cost of said James H. Ashbey in both courts.

Rehearing refused.