The opinion of the court was delivered by
McEnery, J.
This suit was instituted to subject certain immovable property of defendant to sale, to satisfy a mortgage debt. The defendant sets up a homestead claim on the property. There was judgment, recognizing the homestead right of defendant on part of the property, and a personal judgment against him for the amount of the debt, subjecting the property, not allowed as a homestead, to the mortgage.
Plaintiffs have appealed.
The facts are that the defendant was a member of the firm of Sutton & McNeilj which firm owed plaintiffs the sum of one thousand six hundred and eighty-one dollars and ninety-two cents. The defendant wanted additional advances. The plaintiffs refused to advance unless the defendant would first settle the Sutton & McNeil debt. He offered to mortgage the homestead. This proposition was declined by plaintiffs. A sale was agreed upon and it was executed, the price being the Sutton & McNeil debt. The plaintiffs then resold the property to defendant, retaining a mortgage and vendor’s lien for the price, which was divided into instalments. The plaintiffs are pursuing the defendant on these mortgage notes.
*1074 The case is different from that of Henkel vs. Mix, 38 An. 271, relied upon by plaintiffs. In that case the sale was not intended to operate as a mortgage to secure a debt, but it was a sale with delivery and a faculty of redemption.
In this case the vendor remained in possession of the property, and it was resold to him and a mortgage retained for the price: the debt due by Sutton & McNeil to the plaintiffs. The sale to plaintiffs and the resale to defendant were for the purpose of subjecting the property to mortage to secure the debt. It was done for the purpose of evading Article 222 of the Constitution, which prohibits the mortgage of the homestead; except for certain purposes mentioned in the article. “The right to sell any property which shall be recorded as a homstead shall be preserved.” This means a bonafide sale, not one resorted to for the purpose of securing an existing indebtedness. The language in the opinion in the case referred to is applicable here:
“ If it were true that the parties intended the contract to be one of mortgage, but they or one of them put it in form of a sale to evade the prohibition of mortgaging the homestead,we would give effect to the intention and let the party who tried to evade the law take the consequences.”
The entire transaction was to secure the debt due by Sutton & McNeil, and was hypothecal in character. Colvin vs. Woodward, 41 An. 630.
There was a stipulation in the act of mortgage for ten per cent, as attorney’s fees. The mortgage in the judgment appealed from, operates on the property, not covered by the homstead act. The judgment is amended so as to allow ten per cent, attorney’s fees, as stipulated in the act of mortgage.
The judgment as thus amended is affirmed, applicants to pay the costs of appeal.