*627 Statement of the Case.
MONROE, J.
Plaintiffs enjoined the sale under executory process of certain property which they claim as a homestead, and they appeal from a judgment dissolving their injunction and dismissing their suit. The case was decided in the district court, and is presented here, on the following agreed statement of facts, to wit:
“That the plaintiff Samuel Carroll will testify as follows (subject to the objection by the defendants that such testimony is inadmissible, in the absence of evidence to show that the promissory note mentioned in the petition was acquired "by defendants and their assignors after maturity): That the lands described in the petition constituted the homestead of the plaintiff Samuel Carroll, upon which he lived at the time mentioned in the petition, and still lives, with his wife and family, who are dependent on him. That on June 21, 1905, said Carroll conveyed said land to the Bickham Mercantile Company, Limited, for the purpose of securing an indebtedness due by him to said company, and that on the same day the said company reconveyed the said lands to him for the consideration of $1,000, evidenced by two notes of said Carroll, secured by vendor’s lien and mortgage. Certified copies of said acts are offered in evidence. That' such sale and resale were made with the belief and intention by the Bickham Mercantile Company, Limited, and said Carroll, that the same constituted a valid and genuine vendor’s lien on said lands for the amount of said notes. That said promissory notes were executed for the purpose of securing an indebtedness then due by the said Carroll to said company, and such further indebtedness, up to this total amount, as he might thereafter incur. That the Covington Bank & Trust Company acquired the said note from the Bickham Mercantile Company Limited, soon after its date and before maturity, together with a large number of other mortgage notes, as collateral security for a loan made by tlife said bank to said company. That in this written act of pledge of said note it was provided that, if the indebtedness due by said company to said bank was not paid when due, said bank had the right to sell said note at public or private sale, without notice. That such indebtedness was not paid when due, or at all, and that said bank sold said note to Smith and Bulloch, who are now the holders and owners of it. That the bank and Smith and Bulloch acquired said note in good faith and for value, and without any actual notice or knowledge of the equities existing between plaintiff and the Bickham Mercantile Company, Limited, and without any knowledge that the property was plaintiff’s homestead. That the injunction issued in this suit will cause defendants an additional expense of $10 for advertising the lands for sale. Plaintiff offers in evidence the entire record in the executory proceedings. * * * Defendants offer * * * the promissory note mentioned in said proceedings and certified copy of the act of mortgage attached thereto.”
Opinion.
As the value of the property in controversy appears to be less than $2,000, the appellate jurisdiction of this court attaches, under the provision of article 85 of the Constitution, which confers such jurisdiction in “suits involving homestead exemptions.” The suggestion that the case does not fall within the meaning of that provision is not well founded; the issue presented being whether, quoad the claim of the defendants, the property seized by them is exempt as being the homestead of the plaintiffs. The ruling in the matter of State v. Tollman, 106 La. 662, 31 South. 320, involving the legality of a tax, is inapplicable. The provisions of the Constitution which are pertinent to the present inquiry read as follows:
“Art. 244. There shall be exempt from seizure and sale, by any process whatever, except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him. * * *
“Art. 245. * * * This exemption shall not apply to the following debts, to wit: (1) Eor the purchase price of property, or any part thereof. (2) Eor labor, money and material, furnished for building, repairing, or improving homesteads. (3) Eor liabilities incurred by any public officer or fiduciary, or any attorney at law, for money collected or received on deposit. (4) Eor taxes or assessments. (5) Eor rent, which bears a privilege upon said property [referring no doubt, to the live stock and movable property included in the exemption]. No court or ministerial officer of this state shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property exempted as a homestead, except as to the debts above mentioned. * * *
“Art. 246. The right to sell any property that is exempt as homestead shall be preserved. * * * Any person entitled to a homestead may waive the same by signing, with his wife, if she be not separated a mensa et thoro, and having recorded, a written transfer of the same, in whole or in part. * * * ”
In order, then, that a litigant may successfully invoke the aid of any court of' this state in the enforcement of a judgment, ex-' *629 •ecution, or decree against property exempted as a homestead, he must show that the debt, the payment of which he seeks to enforce, belongs to one or the other of the excepted classes, for the payment of which alone such property can be seized and sold. As to the other debts, the language of the Constitution is that:
“No court * * * of this state shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property exempted as a homestead.”
It is said, however, that plaintiff ought not to have been permitted to go behind the face of the record, from which it appears that the mortgage in question was given to secure the payment of the purchase price of the property, thus apparently bringing the claim sued on within one of the classes in satisfactio'n of which the homestead may be seized. But, even if the argument were sound as applied to Samuel Carroll, it is manifestly unsound as applied to his wife, who was not a party to the alleged sale and resale of the property, and without whose consent the husband was unauthorized, whether directly or indirectly, to waive the homestead. The ordinances upon the subject constitute, however, a .rule of public order which is intended to secure the citizen in his homestead, not only against attacks from without, but as against his own acts, save in certain cases which are specifically stated and enumerated as exceptions to the rule, and outside of which he cannot effectively mortgage the homestead and no court in the state can order it sold. To hold, therefore, that by so simple an expedient as the placing of an ordinary debt for money advanced or goods sold in the shape of a negotiable note, purporting to represent the purchase price of the homestead and to be secured by mortgage thereon, the courts can be vested with jurisdiction which the Constitution, in terms denies them, and the citizen deprived of his homestead for the satisfaction of debts for which the Constitution prohibits its seizure, is a proposition which cannot be entertained.
It is true that, as against one who acquires a negotiable note for value, before maturity, in the usual course of business, and without notice of defenses which might be set up by the maker against the payee, such defenses cannot be heard; and it is also true that, whilst a mortgage is not negotiable in the sense in which that term is applied to commercial paper, nevertheless, when executed by one who appears to be the owner of the property, it cannot ordinarily be disputed as against one who acquires upon the faith of the recorded title — the doctrine upon this subject being stated as follows:
“It is true that mortgages are not negotiable. This court has repeatedly so held, and has never, to our knowledge, held to the contrary. * * * But this court has very deliberately held that a bona fide holder of a negotiable note acquired before maturity, secured by a mortgage, duly recorded, which has been executed by one having lawful authority to make it and bearing on its face nothing to impeach its validity, cannot be defeated in his mortgage rights by secret equities between the original parties, existing before or arising after its execution, of which neither the act nor the public records afforded any notice, and of which he had no actual notice, at least, when such equities are opposed by the original mortgagor or in his right. This was clearly and emphatically held in the case of Carpenter v. Allen, 16 La. Ann. 435; and the decision was not based on the principle of negotiability of the mortgage, but on the different principles, viz.: (1) Because, when one of two innocent parties must suffer, the law throws the loss on him by whose negligence or fault the damage is occasioned. (2) Because a mortgage is a real right, created only by observance of the forms of law, required to be recorded, like sales of real estate; such registry being required especially for the protection of third persons, who are entitled to look to it for protection, and, without actual notice, are not required to look beyond it.” Bank v. Flathers, 45 La. Ann. 78, 12 South. 244.
Referring (in a subsequent case) to the foregoing proposition, this court said:
“We do not stop to inquire here whether the proposition announced was not too broadly stated. The extract from the decision which we have copied is inserted in this opinion for the purpose of showing that our ruling was based, not on the negotiability of mortgages, *631 but upon the doctrine of estoppel, and to call attention to the paragraph which we have italicized in regard to the parties setting up the equities, in which the general terms of the statement were qualified by the expression that the rule announced was correct, ‘at least when such equities were opposed 6y the original mortgagor or in his right.’ ” Pertuit v. Damare, 50 La. Ann. 908, 24 South. 687.
In the case at bar the wife of the plaintiff in injunction, without whose consent the homestead could not have been waived, who gave no such consent, and who was not a party to the sale and resale, whereby the waiver is said to have been effected, is before the court asserting rights which, upon no theory that has been propounded, is she estopped to assert. Beyond that, however, it is plain that, in the face of the constitutional provisions upon the subject, the husband, as the owner of record of the homestead, is not “one having lawful authority” to mortgage it, save for the security of certain specified debts, and, as the matter concerns the public policy of the state, it does not meet the requirements of the ease for one seeking to enforce a mortgage against a homestead to show that the exceptional conditions necessary to its validity appear to exist. He must show that they do exist; otherwise, the Constitution, in so far as the homestead provisions are concerned, may be reduced to the value of waste paper by any two persons who put their transaction in the form of a sale and resale, instead of a simple act of mortgage, and the courts will be called on, as in this instance, to exercise authority which the Constitution in the most peremptory terms declares that “no court * * * of this state shall ever have.”
We therefore conclude that the sale and resale here in question, having been made to secure a debt for which the homestead of the plaintiffs in injunction could not and cannot be sold, can be given no greater effect when relied on by the third holder of the negotiable note purporting to represent the price at which the property was resold than would be given to such transactions between the original parties thereto; and it is accordingly ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the plaintiffs, Samuel M. Carroll, and Mary Carroll, his wife, and against the defendants, Joe N. Magee, sheriff, and Henry J. Smith, and Sandy D. Bulloch, decreeing the property herein seized by said defendants to be the homestead of said plaintiffs, and as such exempt from seizure for the satisfaction of the claim sued on by said defendants. It is further decreed that the writ of injunction herein issued be maintained, and that said defendants pay all costs.