LAND, J.
On January 3, 1905, T. J. Underwood sold to the Elliott Company, composed of W. H. Elliott, J. M. Elliott, P. C. Elliott, and F. J. -Pierson, by authentic act, *451 a certain tract of land containing 160 acres, more or less, with all the improvements thereon, for the price of $300, purported to have been paid in cash. In April, 1905, Pier-son conveyed to the Elliotts all his interest in said tract of land and all other property of the partnership. On January 31, 1906, the Elliott Company, then composed of the three Elliotts, sold by authentic act the same tract of land to T. J. Underwood for the price of $300, represented by his note to the order of his vendors, due November 1, 1906, with 8 per cent, interest after maturity, and secured by mortgage with the usual stipulation. On September 4, 1909, T. J. Underwood, by authentic act, conveyed the same property to his wife, Joanah, for the purported consideration of $400 cash.
In November, 1909, the Elosheim Bros. Dry Goods Company, Limited, sued out ex-ecutory process on the note for $300, representing the price of the sale from the Elliott Company to T. J. Underwood as above stated.
In December, 1909, T. J. Underwood and his wife instituted the present suit to enjoin the sale of said tract of land on the ground of its exemption as their homestead.
In their petition the plaintiffs attack the acts of sale between Underwood and the Elliott Company as null and void, because procured by imposition and fraud; and, in the alternative, they allege that, if the said instruments have any validity, the transaction was a mere mortgage, subject to their homestead rights. Plaintiffs further alleged that the defendant secured possession of said note long after its maturity, and held the same subject to all the defenses and equities existing between them and the Elliott Company.
Defendant answered that the averments of the petition were untrue and insufficient in law, and that the injunction had damaged the respondent in the sum of $125 in costs and attorney’s fees.
There was judgment in favor of the plaintiffs, and the defendant has appealed.
There is no sufficient proof of fraud and’ imposition in the confection of the acts, but the evidence is clear that the deed from Underwood to the Elliott Company was to secure advances to be made on the crop of 1905, and that the price in the deed from-the Elliott Company to Underwood represented the balance due on the open account for the previous year. Underwood continued in possession of the premises, and paid the-taxes on the property. The whole transaction was an attempt to obtain security on the homestead for an ordinary debt through the subterfuge of a sale and resale. However binding the recitals of the deeds may be on Underwood individually, he could not directly or indirectly waive the homestead’ without the written consent of his wife. Const. 1898, art. 246. The wife was no-party to the deeds, and therefore is not es-topped by their recitals.' The defendant is not a purchaser in good faith, as it acquired-the mortgage note long after its maturity-Courts are forbidden to enforce any judgment, execution, or decree against the property exempted as a homestead, except for such debts as are specifically mentioned in article 245 of the Constitution. This prohibition cannot be evaded by the husband’s conveying the property to secure or pay ordinary debts. In Carroll v. Magee, 120 La. 626, 45 South. 528, this court held that, where-there is a sale and resale between the husband and his creditor of the homestead, the-wife, who was not a party thereto, is not es-topped to assert her right to the homestead against the holder of the note given by the husband as for the purchase price of the property; nor does it make any difference-that such note was acquired before maturity and in good faith.
We pass certain exceptions as to the sufficiency of the allegations of the petition with- *453 the observation that, even if they were sustained, the result would be the remanding of the case, with the imposition of additional costs on the defendant.
Judgment affirmed.