(58 South. 824.)

No. 18,964.

CRAIN v. BANK OF OSYKA et al.

(May 20, 1912.)

*(Syllabus by the Court.)*

HOMESTEAD (§ 117*)—MORTGAGE—VALIDITY —CONSENT OF WIFE.

A mortgage of the debtor's homestead without the written consent of the wife, though in the form of a sale and resale of the premises, is a nullity, not only between the parties, but as to a third holder of a negotiable note given for the price of the pretended sale.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 191–202; Dec. Dig. § 117.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Action by Nathan C. Crain against the Bank of Osyka and Joe N. Magee. Judgment for plaintiff, and defendant bank appeals. Affirmed.

B. B. Purser and Ott, Johnson & Ott, for appellant. Prentiss B. Carter, for appellee.

LAND, J. Nathan C. Crain, a head of a family, consisting of a wife and five children, owned 120 acres of land, which he occupied as a homestead.

In 1907, under the form of a sale and resale, Crain mortgaged 80 acres of his homestead to the McLain & Varnado Company, and gave his note for $1,000, payable to the order of said company and secured by mortgage and vendor's privilege on the premises.

The Bank of Osyka acquired the note in due course of business and in 1909 instituted suit against Crain to recover judgment on the note, and to foreclose the special mortgage and vendor's privilege by which it was secured. Crain was duly cited, but made no appearance, and judgment of default was entered and duly confirmed against him for the amount of the note, with interest and costs, with recognition and enforcement of the special mortgage and vendor's lien on the premises.

Crain enjoined the execution of the judgment obtained by the Bank of Osyka, on the ground that the property formed a part of his homestead, exempt from execution under article 244 of the Constitution. The bank pleaded the judgment against Crain as res judicata.

It appears that the wife of Crain did not waive the homestead; and that she and her husband have died since the institution of this suit, leaving five minor children by a former wife, three of whom reside on the land in controversy.

There was judgment below in favor of the plaintiff, and the defendant bank appeals.

It is admitted in the statement of facts that at the date of the filing of this injunction suit in 1909 Crain actually *owned and resided* on the land in controversy. It follows that the pretended sale and resale of the property was a simulation, and that the transaction was in reality a mortgage of the homestead. A husband cannot waive his homestead rights, without the written consent of the wife. Constitution of 1898, art. 246. Doubtless, Crain himself is estopped by the acts of sale and resale, and by the judgment in favor of the Osyka Bank, to deny that he purchased the property from the McLain & Varnado Company, and that the note held by the bank was given for the purchase price of the land in controversy. But the true question is whether the simu-

lated transaction operated as a waiver of the homestead as against the wife and minor children of Crain, for whose benefit the homestead right of exemption was granted. Article 244 of the Constitution of 1898 provides that the benefit of the homestead exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary. Article 244 of the same instrument practically forbids the waiver of homestead rights by the husband, without the written consent of the wife. To permit the husband to evade this prohibition by a pretended sale and resale of the property would render the constitutional inhibition nugatory. The very question now before the court was raised and decided in Carroll v. Magee, Sheriff et al., 120 La. 626, 45 South. 528, where there was a pretended sale and resale of the homestead, and a note ostensibly given for the purchase price was acquired by a third person before maturity and in good faith.

In a well-considered opinion handed down in that case by Mr. Justice Monroe, the conclusion was reached that the pretended sale and resale of the homestead was a nullity, not only between the parties, but to the third holder of the negotiable note purporting to represent the price of the resale. We make the following excerpt from the opinion:

"As the matter concerns the public policy of the state, it does not meet the requirements of the case for one seeking to enforce a mortgage against a homestead to show that the exceptional conditions necessary to its validity appear to exist. He must show that they do exist; otherwise the Constitution, in so far as the homestead provisions are concerned, may be reduced to the value of waste paper by any two persons who put their transaction in the form of a sale and resale, instead of a simple act of mortgage."

We reaffirm the doctrine of Carroll v. Magee as in accord with the reason and spirit of the constitutional provisions on the subject-matter of homesteads.

Judgment affirmed.