## POLITO v. FERRARO.

### No. 1379.

Court of Appeal of Louisiana. First Circuit.
June 30, 1934.

Reid & Reid, of Hammond, for appellant.

Rownd & Warner, of Hammond, for appellee.

ELLIOTT, Judge.

B. V. Polito caused executory process to issue against Sam Ferraro on a chattel mortgage for $221, securing a note for that amount, seized the property called for by the act, and advertised it for sale to pay the amount alleged to be due on the note. Ferraro, alleging that the note sued on had been by him issued and pledged to Polito as collateral security for a crop lien note for a like amount, that the debt which the note was designed to secure had been paid in full, that he had suffered damages as a result of the execution, prayed for an injunction preventing the sale, for judgment holding that the note had been paid, and for damages resulting from the execution.

An order was issued to Polito to show cause why a preliminary injunction should not issue restraining the sale, but due to delay on the part of the court to act on the rule, the sale was made. The court, acting on the merits, held that the note had been paid, that Ferraro had been damaged to the extent of $45 as a result of the execution, and judgment was rendered for him accordingly, reserving to Ferraro the right to sue for the value of the property called for by the mortgage by a further action. Polito has appealed.

The note sued on bears date July 2, 1930. It calls for the sum of $221, and is made payable April 1, 1931, to the order of, and indorsed by, Sam Ferraro and Lena Ferraro, his wife. It was secured by a chattel mortgage in authentic form on one dark bay mare named Fannie, and one single horse wagon styled Old Hickory. The burden of proof is upon Ferraro to show the payment he alleges as his defense. The evidence shows that Ferraro obtained advances from Polito to enable him to make a strawberry crop for the year 1930–31. To secure Polito on account of his advances, Ferraro executed and delivered to him two notes each for $221, and of the same tenor and date. One of the notes, referred to as the crop lien note, was

secured by the crop. The other, referred to as the mortgage note, is the one sued on. This note was pledged to Polito as collateral security for the crop lien note which covered the sum advanced on the crop. The meaning of the parties and of the witnesses is not always clear, but, taking the testimony as a whole, it is established with reasonable certainty that all of Polito's advances to Ferraro for the 1930-31 crop and on account of same was paid in full by the strawberry crop for that year leaving nothing due on said account. The payment left the note sued on without consideration in the hands of Polito as it was in effect paid and extinguished. The crop was shipped through Polito, who received the proceeds, and, after paying himself, delivered the balance to Ferraro. The fact of payment is supported by tne testimony of Polito: "Q. Did not Ferraro ship enough berries with you during the shipping season of 1931 to pay this crop lien note? A. He shipped enough to pay for his fertilizer and crop lien note."

The crop lien note was surrendered to Ferraro, but Polito, on the pretext and giving as an excuse that the mortgage note at the time was not at hand, was up at his house, etc., did not return it to Ferraro, and later, just how long afterwards we are unable to say, but several months at least, being again urged by Ferraro to return it, he insisted that he had a right to keep it because in the meantime he had let Ferraro have the further sum of $75, which had not been repaid and seemed to be due at the time of the trial. Obligations are extinguished by payment. Civ. Code, art. 2130. Polito claims that Ferraro repledged the note to secure this further and subsequent advance or indebtedness. The burden of proof in this respect is on Polito; it is for him to show that Ferraro consented that he hold the note as repledged. Ferraro denies that he consented to repledge the note, and as the parties are to us equally credible and the lower court gave credit to the testimony of Ferraro, we feel that we are unable to safely say that he erred. It follows from this conclusion that Polito should not have sued out execution on the mortgage and note. The evidence shows that Ferraro's horse and wagon was taken away from him and sold when it should not have been done. The horse was his only plow animal; his wagon was necessary to his farm work, and he was deprived of them when needed for use in making his crop. Damages on that account are established. The court fixed the amount at $45, and we are unable to say from the evidence that the court erred. The lower court reserved to Ferraro the right to sue for the value of his horse and wagon in a separate action. Our conclusion from the record is that the judgment appealed from is correct.

Judgment affirmed.

Plaintiff-appellant to pay the cost in both courts.