## FERRARA v. POLITO.
### No. 1582.

Court of Appeal of Louisiana. First Circuit.
March 23, 1936.

Reid & Reid, of Hammond, for appellant.

Rownd & Tucker, of Hammond, for appellee.

DORE, Judge.

On November 22, 1933, defendant, Polito, secured an order of executory process against the plaintiff, Ferrara, on a chattel mortgage note for $221, dated July 2, 1930, becoming due on April 1, 1931, the said note being signed by the plaintiff and his wife, under which executory process the property described in the chattel mortgage, that is a bay mare and wagon, was seized and advertised for sale on January 6, 1934. Alleging that said chattel mortgage note had been fully paid and should be canceled, plaintiff, Ferrara, took a rule against defendant, Polito, for a preliminary writ of injunction to enjoin the sale of the property, and prayed that the property be restored to him and that the chattel mortgage be canceled; he also prayed for judgment against defendant for the damages in the sum of $96; the rule was made returnable on December 19, 1933, and testimony was taken thereon, in Hammond, but the rule was not decided until the case was tried on the merits on January 19, 1934, after the sale had taken place. Judgment was rendered, decreeing that the chattel mortgage note had been paid, ordering the cancellation of both the note and mortgage, and awarding plaintiff damages in the sum of $45, reserving to plaintiff the right to sue for the value of the horse and wagon which had been sold by the sheriff under the writ of executory process. On appeal to this court, the judgment was affirmed. See *Polito v. Ferrara*, 155 So. 477.

In the meantime, on March 20, 1934, defendant obtained a judgment against plaintiff for $327.01, with interest and costs.

On December 3, 1934, plaintiff filed the present suit against the defendant, Polito, asking for damages against him in the sum of $350, made up of the following items: $175 for the value of the horse and wagon sold by the sheriff under the chattel mortgage which had been already paid; loss of the use of the horse and wagon from the day of the sale; loss of a crop for the lack of the horse and wagon with which to cultivate the crop, and $50 attorney's fees.

He further prayed that the damages awarded him be declared a homestead right and not subject to seizure, set-off, or re-

conventional demand in any manner whatever.

Defendant in this suit denies that he is liable for damages for the reason that plaintiff was guilty of laches in not asking for a restraining order to estop the sale of the horse and wagon, and he denies that plaintiff has any right to claim a homestead or exemption on the horse and wagon as he failed to make any claim therefor before the sale; and, finally, defendant claims a set-off or compensation against plaintiff on his judgment against him in the event plaintiff recovers judgment for damages.

Judgment was rendered awarding plaintiff damages in the sum of $135, and denying the set-off claimed by defendant on his judgment, and decreeing the said sum of 135 subject to the homestead exemption of plaintiff and not subject to the indebtness due defendant by plaintiff. Defendant has appealed and plaintiff has answered the appeal, asking that the judgment be amended by allowing plaintiff damages as prayed for in the sum of $350.

There are three propositions involved in the case: (1) The amount of damages; (2) whether the amount awarded as damages can be claimed and allowed as an exemption; and (3) whether any damages awarded plaintiff may be set off or compensated by the judgment of defendant against plaintiff.

■ (1) The trial judge awarded plaintiff the sum of $135, which represents the value of the horse and wagon illegally sold in the suit of defendant against plaintiff. Most of plaintiff's witnesses testify that the horse was worth $120, and the wagon was worth about $35. A witness for defendant fixes the value of the horse from $60 to $65, and the wagon at about $25. The trial judge fixed the value of both horse and wagon at $135. In view of the testimony, we cannot say that he erred in fixing that value. Plaintiff has failed to prove any other damages with that degree of certainty to form a basis of a judgment. As defendant caused the horse and wagon of plaintiff to be sold by the sheriff in execution of a mortgage which had already been paid, defendant is clearly liable for the value of this property. The failure of plaintiff to apply for a restraining order to estop the sale does not relieve defendant of his liability to make restitution for the value of this property which he illegally caused to be sold.

(2) The plaintiff asked and the court decreed that the damages occasioned plaintiff by the illegal sale of the horse and wagon by the sheriff stand as exempt from any debts due defendant or any one else. This is based on the allegation and proof that the horse and wagon were part of the homestead exemption of plaintiff and exempted from seizure as such.

■ The pleadings and proof show that plaintiff never, at any time before or at the time of the sale, claimed the horse and wagon as part of his homestead exemption. Having failed to make such a claim before the property was sold, whatever homestead rights plaintiff had in the property were lost. Cunningham v. Steidman, 133 La. 44, 62 So. 346; Andrews v. McCreary Lumber Co., 155 La. 730, 99 So. 579, 33 A.L.R. 608. Even in the case of Jackson v. Hodges et al., 141 La. 993, 76 So. 174, L.R.A.1917F, 732, where a very liberal interpretation was given in favor of the debtor who claimed the exemption after the sale, it was held that the claimant could not remain silent and let the property be sold and then claim the exemption. Certainly if no claim of homestead rights could be made against the property itself after the sale, it could not be made as to the proceeds of the sale or the value of the property recovered in damages.

■ (3) As an alternative plea in his answer, defendant asks that, in case any damages are awarded against him, he be allowed to compensate same by the judgment which he holds against plaintiff. Article 2210 of our Revised Civil Code provides:

"Compensation takes place, whatever be the causes of either of the debts, except in case:

"1. Of a demand of restitution of a thing of which the owner has been unjustly deprived."

The claim of the plaintiff grows out of damages for the illegal action of defendant in taking plaintiff's horse and wagon and having it illegally sold. It cannot otherwise be said but that the present suit is for the restitution, or value, of a thing of which he has been unjustly deprived, and falls within the exception as provided for in the article cited, supra. The Supreme Court of our state has been called upon to apply the cited article in several instances,

the last one which we can find is the case of Hitt v. Herndon, 166 La. 497, 117 So. 568. It is therefore our opinion that the defendant is not entitled to plead compensation as against the present claim.

For these reasons, it is therefore ordered that the judgment appealed from be amended by disallowing the homestead exemption as claimed by the plaintiff, and, as thus amended, be affirmed, all at the costs of defendant herein.

Amended and affirmed.