FOURNET, Justice.
 

 Plaintiff, J. C. Barron, instituted injunction proceedings against the Jackson Parish Bank and the sheriff of Bienville parish to prevent the sale of his property, which was being advertised under executory process, on the ground that the note and mortgage were paid and novated, and in the alternative that the property was his homestead and his wife’s signature to the mortgage, concurring in the homestead waiver, was a forgery.
 

 Defendant filed an answer, denying the payment or novation of the debt and that the signature of plaintiff’s wife was a forgery, and averred that the act of mortgage was regularly executed before a notary public and two witnesses as required by law; that the note was duly paraphed by the notary and was negotiated by the plaintiff at the defendant bank in due course; and that the preliminary injunction was wrongfully issued and should be dissolved and set aside and the defendant allowed $100 as attorney’s fees for dissolving the writ. .
 

 On these issues the case went to trial, and there was judgment in favor of the plaintiff, perpetuating the writ of injunction, prohibiting the sheriff and the bank from selling the property, which was recognized as plaintiff’s and his family’s homestead, unless- the property should bring more than the sum of $2,000, and reserving the plaintiff’s right to sue for damages for the illegal seizure of the property. The defendant has appealed.
 

 The plaintiff has apparently abandoned his claim that the note sued on by the defendant had been paid and novated, and relies solely on the plea of the forgery of his wife’s signature to the act of mortgage-waiving the homestead exemption.
 

 Plaintiff’s right to a homestead exemption has been established and is not disputed, except for the claim of legal waiver thereof.
 

 Under the provisions of article 11, section 1, Constitution of 1921, it is provided that “there shall be exempt from seizure
 
 *889
 
 and sale * * * the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres * * * of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support.” But tinder section 3 of the article, it is provided that “any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof;
 
 provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter.”
 

 The act of mortgage, on its face, appears to have been regularly executed on February 14, 1923, before S. P. Harville, notary public, and was signed by Emmett I. McBee and G. G. Boyler as witnesses, and recorded in Book X, folio 555, of the Mortgage Records of Bienville Parish, La., on February 21, 1923.
 

 Article 2236 of the Revised Ciyil Code provides that “the authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns,
 
 unless it be declared and proved a forgery.”
 
 (Italics ours.)
 

 One of the reasons for which the debtor can arrest the sale of his property under executory process by injunction is: “That the act containing the privilege or mortgage is forged.” Paragraph 5 of article 739, Code of Practice.
 

 Under the provisions of article 741 of the Code of Practice, “the plaintiff against whom the injunction has been obtained, may compel the defendant to prove, in a summary maimer, before the judge, the truth of the facts alleged in his opposition.” The burden, therefore, is upon the plaintiff to prove the forgery. Succession of Randazzo v. Ferrantelli, 130 La. 552, 58 So. 335. See, also, Siekmann v. Schwartz, 132 La. 852, 61 So. 847; Watts et al. v. Collier, Sheriff, 140 La. 99, 72 So. 822.
 

 To prove the forgery of his wife’s signature to the document in question, plaintiff offered the testimony of his wife, who denied most emphatically that she had signed the mortgage. In order to corroborate plaintiff’s testimony and that of his wife, he introduced and filed in evidence a document signed by his wife in the succession of her mother, Mrs. Nancy J. Loe, No. 1335, which was identified by plaintiff’s counsel herein, who was also the attorney for the heirs in the succession proceedings, as having been signed in his presence in 1924 by Mrs. Theodosia Loe Barron, and that the signature appearing on the document marked “X” was her genuine signature.
 

 By way of comparison, two experts, B, R. Felts, a banker for 27 years, and W. M. Deas, a banker for 24 years, testified positively that the signature on the note and mortgage, purported to be that of plaintiff’s wife, and the one on the petition in her mother’s succession,- No. 1335, were not written by the same person. An examination of these signatures conclusively shows that the experts’ opinion in the matter is correct.
 

 
 *891
 
 The defendant offered no evidence to rebut the testimony- introduced by plaintiff, except that of G. G. Boyler, who testified that he knew the plaintiff and his wife and that he was the party who signed the act of mortgage as one of the witnesses thereto, but when asked the question whether or not he saw Mrs. Barron sign the homestead waiver, he answered,
 
 “I
 
 don’t remember whether Theodosia Barron was there or not.” It appears from the record that the whereabouts of the other witness was not known and the notary public had previously died.
 

 But counsel for the bank appears before this court and files a plea of estoppel, assigning as the basis thereof the following :
 

 “(a) That the said J. C. Barron negotiated said note and mortgage to the bank which acquired same in good faith and loaned the said Barron the principal sum of $2,160.00 on said note on the strength and faith of his wife’s signature to the mortgage concurring in and consenting to the mortgage on the 120 acres upon which they lived;
 

 “(b) By the representation of the said Barron that his wife did sign the mortgage, he induced the bank to part with the principal amount Ot the note;
 

 “(c) That the said Barron signed the mortgage which, in a notarial act, recited that his wife appeared, authorized by her husband, and declared that she joined and concurred in the homestead waiver and consented thereto;
 

 “(d) That the said J. C. Barron signed said mortgage a second time and then for the purpose as stated therein ‘authorizing my wife to sign’;
 

 “(e) That after procuring said loan on said note and mortgage, which Mrs. Barron testified she knew about, but thought it was paid, both J. C. Barron and Mrs. Theodosia Barron for more than ten (10) years were utterly silent on the question of her signing of the mortgage, made no protest and gave no notice or information to-the bank at such time as the bank may have been able to have protected itself, but waited until almost 11 months after the filing of the executory proceedings and just prior to the sale as advertised to even make an appearance in Court setting up-their defense that the wife did not sign the mortgage.”
 

 In support of his plea, counsel for the-bank contends that, “where a party solemnly admits a fact by a deed under his. hand and seal, he is estopped not only from disputing the deed itself, but every fact which it recites,” citing Watson v. Succession of Barber, 105 La. 456, 461, 29 So. 949, and Karcher et al. v. Karcher et al., 138 La. 288, 291, 70 So. 228.
 

 In the case of Reymond v. Louisiana Trust & Savings Bank, 177 La. 409, 148 So. 663, 666, we said:
 

 “The husband- who grants a mortgage-on the homestead without the consent of his wife, whether under the guise of a sale- and resale, sale with right of redemption or otherwise, may be bound personally by the recital of such acts and may be estop
 
 *893
 
 ped to claim the exemption personally.
 
 But he is not estopped thereby to claim the exemption for his dependents.
 
 . The reason is that the exemption was ordained for the protection of the dependents of every head of a family.” (Italics ours.)
 

 In the case of Crain v. Bank of Osyka et al., 130 La. 945, 58 So. 824, the court held that a mortgage of debtor’s homestead without the written consent of his wife, though in the form of a sale and resale of the premises, is a nullity, not only between the parties, but to the third holder of a negotiable note purporting to represent the price of the resale. In the opinion, the court said:
 

 “Doubtless, Crain himself is estopped by the acts of sale and resale, and by the judgment in favor of the Osyka Bank, to deny that he purchased the property from the McLain & Varnado Company, and that the note held by the bank was given for the purchase price of the land in controversy.
 
 But the true question is whether the simulated transaction operated as a waiver of the homestead as against the wife and minor children of Crain, for whose benefit the homestead right
 
 of,
 
 exemption was granted.
 
 Article 244 of the Constitution of 1898 provides that the benefit of the homestead exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary. Article 244 of the same instrument practically forbids the -waiver of homestead rights by the husband, without the written consent of the wife.
 
 To permit the husband to evade this prohibition by a pretended sale and resale of the property would render the constitutional inhibition nugatory.”
 
 (Italics ours.)
 

 See, also, Clarke et ux. v. Oden, Sheriff, et al., 155 La. 801, 99 So. 605, 606; Jefferson et ux. v. Herold et al., 144 La. 1064, 81 So. 714; Banahan v. Svarva, 146 La. 906, 84 So. 200; Carroll et ux. v. Magee, Sheriff, et al., 120 La. 626, 45 So. 528.
 

 In the case of Clarke v. Oden, supra, it was said that “the consent of the wife is required to enable a married man to waive the homestead exemption, and this provision of the Constitution cannot be circumvented by ‘camouflaging’ a mortgage, or security transaction, as a sale.”
 

 While it is true that in the instant case the bank was not at fault and has been imposed upon by the' fraud of plaintiff, nevertheless the acts of the husband cannot circumvent the positive provisions of the Constitution to the effect that “the waiver shall not be effective unless signed by the wife,” nor is the husband estopped to claim the exemption for his dependents, who are innocent of any wrongdoing.
 

 For the reasons assigned, the judgment of the lower court is affirmed.
 

 O’NIELL, C. J., absent