**SLAYTON v. SWOR.**

**No. 6006.**

Court of Appeal of Louisiana. Second Circuit.

March 6, 1940.

86

Frederick J. Stewart, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellee.

HAMITER, Judge.

This appeal is from a judgment sustaining defendant's exceptions of no cause and no right of action and dismissing plaintiff's suit.

■ It is shown by the allegations of fact of the petition, the truthfulness of which must be assumed for the purpose of this consideration, and also by certain documents introduced in the record under an agreement of counsel, that on January, 21, 1924, Cleveland I. Byrd, to whom plaintiff was then married, acquired by purchase a certain lot of ground in the City of Shreveport, Louisiana. The acquisition was made with funds belonging to the community of acquets and gains existing between the wife and husband.

On April 8, 1932, the said Cleveland I. Byrd executed a mortgage covering the property to secure the payment of his note in the principal amount of $175 that was negotiated to Ardis L. Egan, a femme sole. The mortgage act, to which plaintiff was a party for the purpose of joining in the homestead waiver therein recited, imported a confession of judgment and contained the pact de non alienando.

Plaintiff, on January 10, 1933, obtained a judgment of absolute divorce from Cleveland I. Byrd in the chancery court of Hinds County, Mississippi. Thereafter she married one Shelton Slayton.

The note was not paid as agreed, and Miss Ardis L. Egan, to whom it belonged, commenced the mortgage's foreclosure by executory process on June 8, 1934. The proceedings were carried on contradictorily with and exclusively against Cleveland I.

Byrd, who still possessed the community asset; and on August 8, 1934, the sheriff, at a regular judicial sale, adjudicated the property to the named mortgage creditor.

Subsequently, the adjudicatee sold and transferred it to Mrs. Mayme A. Swor under a duly recorded instrument of conveyance.

In this cause plaintiff contends that by virtue of the mentioned divorce, with resulting dissolution of the community, and the failure of the mortgage creditor to make her a party to the foreclosure proceeding, she is presently the owner of an undivided one-half interest in the property. Impleading as defendant the said Mrs. Mayme A. Swor, plaintiff prays for judgment recognizing her ownership to that interest and ordering such defendant to pay to her, after the rendition of an accounting, one-half of the rents and revenues previously received.

■ The exceptions, in our opinion, were correctly sustained by the district court. It was unnecessary for the mortgage creditor to make plaintiff a party to the foreclosure proceeding and give her notice; and the judicial sale was valid and conveyed to the adjudicatee title to the entire property. This is so, if for no other reason, because of the pact de non alienando contained in the mortgage instrument.

The property was encumbered by the husband, with the concurrence of the wife, during the marriage. As head and master of the community, to which it belonged, he possessed full authority to so act. Civil Code, article 2404. Unquestionably, the mortgage could have been foreclosed against the husband alone as long as the community existed. The dissolution of the community, occurring by reason of the divorce, did not affect the mortgage holder's rights to pursue that course. The non-alienation clause authorizes the creditor to seize and sell the mortgaged property as if it belonged to the debtor. Thompson v. Whitbeck, 47 La.Ann. 49, 16 So. 570. He may ignore all transactions occurring subsequent to the mortgage's execution and recordation and proceed against his mortgagor as though the latter's title had never been divested or otherwise affected. Avegno et al. v. Schmidt & Ziegler, 35 La.Ann. 585.

Furthermore, it is the settled jurisprudence of this state that, "The holder of a mortgage on property belonging to a

marital community may, after the death of the mortgagor's wife, foreclose the mortgage by proceeding against the mortgagor alone, as the head and master of the community, and without opening the succession of the deceased wife, or making her heirs or legal representatives parties defendant in the foreclosure proceeding." Andrews v. McCreary Lumber Co., 155 La. 730, 99 So. 579, 580, 33 A.L.R. 608, and cases therein cited. There comes to our minds no good reason why this doctrine should not have fitting application to the instant case where the community is dissolved by divorce, and thus authorize the mortgagee's proceeding solely against the divorced husband, who is the mortgagor.

Defendant urges several other grounds in support of her exceptions, one being that she purchased the property on the faith of the public record. It is unnecessary for us to consider or discuss any of these, in view of our above announced holding.

The judgment is affirmed.