## No. 5471.

## F. KUNTZ vs. J. BAEHR AND SHERIFF.

The sale of the property in question in this suit divested all of plaintiff's rights, including that under the homestead law. If he had any right to a homestead, he should have asserted it prior to the sale. His personal notice to the sheriff and the plaintiff in the seizure and sale did not amount to a legal assertion of his right so as to secure or preserve the right of a homestead on the property under seizure.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee, J.* *Wenck & Hufft*, for plaintiff and appellant. *N. Commandeur* and *E. Howard McCaleb*, for defendants and appellees.

### ON MOTION TO DISMISS.

WYLY, J. This is an appeal from a judgment on a motion to dissolve the injunction sued out by the plaintiff.

The defendant, the appellee, moves to dismiss this appeal on the ground that the record is incomplete, because it does not contain the motion or exception on which the decree was rendered, and because the injunction bond is not in the transcript.

The mover is in error. The documents which he alleges are missing are in the record.

As to the writ and sheriff's return referred to in the petition, it does not appear that they were received in evidence at the trial of the motion.

Motion denied.

### ON EXCEPTION.

HOWELL, J. The plaintiff has appealed from a judgment sustaining an exception to his suit, which is an injunction to restrain the sheriff from putting his co-defendant, J. Baehr, in possession of property purchased by the latter under a writ of seizure and sale in the case of J.

Baehr vs. F. Kuntz. The ground of the injunction is that the property so sold by the sheriff was and is the homestead of the plaintiff herein, and the exception is no cause of action, because the plaintiff is not the owner of the property, and therefore cannot assert the homestead right.

The judgment is correct. The sale of the property divested all of plaintiff's rights, including that under the homestead law. If he had any right to a homestead, he should have asserted it prior to the sale. His personal notice to the sheriff and the plaintiff in the seizure and sale did not amount to a legal assertion of his right so as to secure or preserve the right of a homestead on the property under seizure.

Judgment affirmed.

Rehearing refused.