### No. 13,407.

SEVIGNE BABINEAU AND MARIE BRASSEAUX, WIFE, VS. O. P. GUILBEAU AND J. A. BROUSSARD, SHERIFF.

#### SYLLABUS.

Where a judgment creditor institutes an action against a husband and wife to have a *dation en paiement* set aside as simulated and fraudulent, and prays to have the property covered by the same, seized and sold to pay his judgment, it is the duty of the parties, if the property is exempt from seizure and sale under the homestead laws, to set up contingently and in the alternative that right of exemption in the pending suit.

They should not allow judgment to go against them setting the *dation* aside and ordering the sale of the property ; for, should they do so, they would be cut off from the defense by the judgment.

A PPEAL from the Seventeenth Judicial District Court, Parish of Lafayette.—*DeBaillon, J.*

*Gustave A. Breaux* for Plaintiffs, Appellants.

*Orther C. Mouton* for Defendants, Appellees.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. In December, 1898, O. P. Guilbeau, one of the defendants herein, recovered a judgment against the plaintiff, Sevigne Babineau, for eighteen hundred dollars in an action which he had instituted against him for slander.

That judgment was recorded January 19th, 1899.

On August 3, 1898, Babineau had, by notarial act, made a *dation en paiement* to his wife, Marie Brasseaux, of certain property therein described in which the consideration was declared to be the replacement to her of paraphernal funds received and used by him, belonging to his wife.

In January, 1899, Guilbeau instituted suit against Babineau and his wife to set the transfer aside, first, on the ground that it was a simulation, and next, if not simulated, that it was fraudulent, and to place his property beyond the reach of plaintiff and in anticipation of a judgment against him.

The property transferred was estimated in the act at eleven hundred dollars.

Judgment was rendered in this case setting aside the *dation en paiement* so far as to subject the property to the execution of the plaintiff, but decreeing that the wife should recover the sum of three hundred and seventy-nine dollars and thirty-five cents by preference over plaintiff, holding that the remainder of her claim had not been proved.

This judgment was appealed from devolutively, and the appeal is now pending before the Court of Appeals.

Guilbeau obtained a writ of *fi. fa.* upon his judgment, and on that writ the property embraced in the *dation en paiement* was seized.

Babineau and his wife enjoined the sale of the property on the ground that it was exempt from seizure and sale, it falling under the provisions of Article 244 of the Constitution of 1898, and protected as a homestead by its provisions, and on the further ground that the property had been seized as the property of the wife, who was not the judgment debtor.

Judgment was rendered by the District Court rejecting the demand of the plaintiffs for homestead exemption, and dissolving the injunction taken out, and plaintiffs in injunction appealed.

Appellee maintains that, even if the property could have been protected from seizure and sale by homestead rights, the latter were lost and forfeited by the conduct of the parties and the judicial proceedings which resulted from the same. That Babineau made a fraudulent and simulated *dation en paiement* to his wife to cover up the property from the pursuit of his creditors, which forced him to attack it as such. That in the suit brought by him for that purpose, he obtained a judgment setting the transfer aside, in so far as his rights were concerned, and decreeing expressly and contradictorily with husband and wife that the property should be so seized and sold to pay his judgment; that in that suit Babineau denied ownership of the property in himself, and both he and his wife averred it to be vested in the latter; that no claim was set up in that suit in answer to his demand that the property be seized and sold to pay his debt; that it was protected by homestead rights; that such rights should have been urged at that time, if they existed, and judgment having been rendered, as stated, both defendants were estopped by their pleadings from urging that the ownership was in the husband, and both were estopped by *res judicata* from claiming that the property was not subject to be seized and sold in satisfaction of his judgment.

In support of his contention, he refers the court to Gilmer vs. O'Neill, Sheriff, 32 Ann., 983; Hill vs. Lancaster, 88 Kentucky, 338; Snap vs. Snap, 87 Kentucky, 554; Honaker vs. Cecil, 84 Kentucky, 202; Thompson on Homestead and Exemptions, paragraph 726; Freeman on Judgments, paragraph 303; Trader's National Bank vs. Schoor, 54 ———, page 334; American Digest, 1899, page 2115-59 (*a*) American Digest, 1894, page 2068, Nos. 271-272.

He further insists that although he has obtained a judgment setting aside the transfer from Babineau to his wife, so far as to authorize him to enforce his judgment against it, yet as between the parties and all others, the ownership of the property, under Article 1897, C. C., remained and is still in the wife, but if the effect of the judgment was to reinvest the husband with the title, then he is not a *bona fide* owner, as he is required to be by the Constitution, to claim a homestead.

We are of the opinion that Babineau and his wife should, when Guilbeau brought suit against them to set the *dation en paiement* aside and subject the property covered by the same to the payment of his judgment through seizure and sale, have urged contingently the exemption of the property from such seizure and sale under the homestead laws, and that having failed to do so at that time, it was too late after judgment to raise that issue, and that appellees' execption of *res judicata* is well founded.

The authorities cited by him sustain the correctness of his position on that subject.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.

Rehearing refused.