BREAUX, C. J.
Plaintiff, claiming to have entered under the Homestead Law of the United States a tract of land described in his petition, brought this suit to have himself recognized as its owner, and at the same time to have canceled as null and void all conveyances and mortgages made of this land.
Plaintiff avers that he made his application for entry on the 25th day of March, 1873; that he moved upon the land in 1877, made final proof on the 18th day of June, 1881, and patent issued on the 20th of February, 1883.
Petitioner claims that under Act No. 21, p. 55, of the General Assembly of 1871, and that under Act No. 33, p. 52, of 1865, it was not necessary to register his homestead and have it set apart in order to secure protection under the homestead exemption laws.
It appears that on the 14th day of May, 1898, the sheriff of Calcasieu, in execution of a judgment rendered against him in a suit entitled “Oscar Fulton v. Ulysse Fruge,” caused his homestead to be sold in satisfaction of his judgment.
The basis of the judgment was a mortgage executed on the 11th day of January, 1895.
The defense is that plaintiff never caused his claim for a homestead to be registered as required by the Constitution of 1879 and the acts of 1880, enacted for the purpose of rendering the article executory, and that in consequence he was not entitled to a homestead under the Constitution and laws in force on the 11th day of January, 1895, the day that plaintiff executed special mortgage in favor of the defendant, and which was foreclosed in 1898, as before mentioned.
It is not disputed that plaintiff did not have his homestead registered as required by the Constitution of 1879,
The contention is, on the part of plaintiff, that he had acquired the right of homestead under the law of 1865, and that it continued without the_ necessity of registry under the Constitution of 1879.
The petition does not allege that plaintiff made any effort to prevent the sale of his home in satisfaction of the judgment.
Plaintiff has alleged that it has just come to his knowledge that the dispossession of his home was fraudulent.
An exception of no cause of action was filed. It was sustained by the court.
Plaintiff claims. homestead exemption under Act No. 33, p. 52, of 1865.
The provisions regarding exemption under the cited statute did not look to anything that would prevent the debtor from executing a mortgage on the property on which a homestead is claimed.
The property was susceptible of mortgage.
The question was carefully considered in Hardin v. Wolf & Cerf, 29 La. Ann. 342. It was held that the law was for the benefit of the family; that it was the policy, as embodied in the statute, to protect the debtor against hi's own acts, to the end of protecting the family.
The decision was rendered by a' divided court; three constituting the majority of the court, and two of the justices dissenting.
*753 The question was a second time presented to the court. Different views were expressed in the decision, and the cited case was expressly overruled.
The court said that there was fallacy in supposing the property to be that of the family, that by the terms of the statute the property must belong to the debtor, and held that the necessity of protecting the family was not to be considered under the express language of the statute. Allen v. Carruth, 32 La. Ann. 447.
At this late date, construing a statute since repealed, we deem it proper to accept the last interpretation. It would serve no good purpose, were we so inclined, to return to the decision which has been overruled, as just stated.
We accept the last decision as the correct interpretation, and, in thus accepting it, it puts at rest all question regarding the homestead law of 1865 and the liability of the owner who claims under it.
In so far as plaintiff may claim his title as dating back to the day the entry was made by him under the homestead laws of the United States, he is concluded by the decision last cited. Whether the right dates from the date of the entry or since is not a matter' of moment in deciding the issues, for under either law, that of 1865 or the homestead law (Act No. 114, p. 140) of 1880, enacted in accordance with article 219 of the Constitution of 1879, the claim of plaintiff cannot avail him to recover the land he claims.
Granted that plaintiff under the United States homestead law became the owner of the property only at the final proof, when his final receiver’s certificate was issued, he is met by an unsurmountable obstacle to his recovery of judgment.
The last law, enacted under the Constitution of 1879, requires that the person claiming the benefit of the homestead exemption shall execute a written declaration of his claim. It must be sworn to and recorded in the book of mortgages.
This has not been done. Without it there is no homestead possible. The omission strikes with nullity all claims plaintiff sets up under the last-cited act.
The Constitution of 1879 ordains the homestead property is not susceptible of mortgage (except under certain formality not an issue here) ; but in order to obtain the protection the registry before referred to is a requisite.
The person who claims the exemption under a prior law cannot obtain exemption under the latter exemption laws, unless he complies with their provisions.
The last law does not operate as a protection to a debtor and secure the exemption of property, if under the prior law it was not entitled to the exemption claimed.
Under the Constitution of 1879, and enabling statute, it would have been possible to secure the right. In the absence of all attempt to avail himself of the right by complying with required formality, the original exemption was not enlarged.
No objection made.
The mortgage was a significant act, evidencing no intention to claim the homestead right, and the subsequent foreclosure, without the least claim on the part of the debtor, can be viewed only as absolute abandonment.
The owner, holding under a homestead right, who makes not the least defense and permits the property to pass into other hands, is not in a position, years afterward, to claim for the first time the benefit of the homestead law on property that has quietly passed out of his possession and ownership.
This court said in effect in a comparatively recent case that the exemption should not be so treated as to let property silently pass into the ownership of others. Babineau v. Guilbeau, 52 La. Ann. 994, 27 South. 549.
There are other decisions of a recent date directly applicable, in which it was directly *755 held that the claim to the homestead must be interposed before the judicial sale. Kuntz v. Baechr, 28 La. Ann. 90.
Again, a debtor who does not judicially assert hjg claim before his title passes to another Toses his right of homestead. Gilmer v. O’Neal, 32 La. Ann. 979.
Before leaving this case, we will for a few moments refer to the last-cited decision on a subject passed upon in words directly pertinent to the issues to which we gave our attention at the beginning of the decision.
Prior rights under prior laws are not affected by subsequent laws regarding homestead.
A right founded esclusively on the homestead law of 1865 must be construed as “if the Constitution of 1879 had never been adopted.” Gilmer v. O’Neal, Sheriff, 32 La. Ann. 983.
The property was subject to mortgage and foreclosure under prior law.
To conclude: If the right is claimed under the Constitution of 1879, it was not recorded as required.
Plaintiff under either law is absolutely without right to a homestead.
But, granted that he had some sort of a right, he failed to claim it in time.
There remains to us only one alternative. That is to affirm the judgment.
For reasons assigned, it is affirmed.