PROVO STY, J.
Plaintiff alleges that under a writ of fi. fa. issued upon a judgment rendered against him in favor of Edwards Bros., Limited, his homestead was seized, and sold at public sale, and was bought by one A. M. Edwards, who afterwards- sold it to M. T. Tucker, who, in turn, sold it to the defendant; that said sheriff’s sale was null, because made in violation of article 245 of the Constitution, which provides that “no court or ministerial officer of this state shall ever have jurisdiction, or authority, to enforce any judgment, execution, or decree, against the property exempted as a homestead, except for the debts above mentioned in numbers 1, 2, 3, 4, and 5, of this article”; that the debt for which said judgment was rendered was not one of those thus excepted; that said judgment was obtained upon citation served upon his wife at his home while he was absent from the parish of his domicile; that the date of said sale was December 12, 1908, and that from that time up to the filing of this suit on March 6, 1912, he was not financially able to bring suit to recover his said homestead; that neither he nor his wife ever waived their said homestead rights; that said property was sold at two-thirds of its appraisement upon an appraisement of $1,200 when it was worth $2,400.
The defendant filed an exception of no cause of action, which was sustained, and. plaintiff has appealed.
[1] The plaintiff contends that the said provision of the Constitution taking away from the courts all authority to cause a homestead to be sold being a prohibitory law, and, whatever is done in violation of a prohibitory law being null and void, said sheriff’s sale is null and void.
There is no answer to this logic; but unfortunately the infirmity and imperfection of human nature will not allow of the affairs of society being regulated always on strict logical principles. In practice, in the interest of public order and the stability of titles, multa fieri prohibentur quse si facta fuerint obtinent firmitatem. Gibson v. Foster, 2 La. Ann. 503. If the question of homestead vel non or the question of the property sold not having been liable to seizure from any other cause were allowed to hang indefinitely over every piece of property sold at sheriff’s sale, where would be the safety or confidence in titles?
So in Gilmer v. O’Neal, 32 La. Ann. 979, where this same prohibition was relied on (see fourth subdivision of counsel’s brief in that case), the court held that the homestead right must be asserted before a sheriff’s sale is made, or else the property will pass free from it.
The court had previously announced the same principle under the homestead law of 1865 (Acts [Ex. Sess.] 1865, No. 33).
[2] The doctrine of these cases has become • *47 a rule of property; hence, even if we doubted its correctness, we should feel compelled to adhere to it.
Judgment affirmed.