FOURNET, Justice.
 

 The plaintiff and appellee has moved to dismiss the appeal in this case on the ground that this court is without jurisdiction ratione materias in that.the amount in controversy is less than $2,000, and therefore the proper appellate court is the Court of Appeal, First Circuit.
 

 The record shows that the appellee instituted foreclosure proceedings on a mortgage granted and executed by the appellant to secure the payment of a note dated August 21, 1934, for the sum of $1,183.76, hearing 8 per cent, per annum interest from date, and containing the usual clause providing for the payment of 10 per cent, additional as attorney’s fees in the event the note be placed in the hands of an attorney for collection. The act of mortgage contains the pact de non alienando and also a clause whereby the right of the mortgagor to claim the homestead exemption was waived by him and his wife. While the property was being advertised for sale, appellant, averring that his signature on- the act of mortgage was forged, ruled the appellee into court seeking to have the mortgage annulled and the sale of - the property enjoined. The district court dismissed the rule and rejected the application for a preliminary injunction, and from that judgment the plaintiff in rule has appealed.
 

 The appellant contends that the motion to dismiss is without merit because the property affected by the mortgage constitutes his homestead- and, consequently, this court is vested with appellate jurisdiction.
 

 It is the well-settled jurisprudence of this court that, “if the head of a family, entitled to the homestead exemption, does not claim the exemption when the homestead is seized and before it is sold, the exemption is forever lost.” Andrews et al. v. McCreary Lumber Co., 155 La. 730, 99 So. 579, 581, 33 A.L.R. 608.
 

 In the case at bar the mortgage debtor is seeking to enjoin the sale of his property by foreclosure proceedings on the ground that his signature to the act of mortgage is a forgery. His homestead exemption rights are not at issue. The sole issue in the case is the forgery vel non of his signature to the act of mortgage. There being no showing either by allegation or proof that the value of the real estate involved exceeds $2,000, this court is without jurisdiction to determine that issue. Constitution of 1921, art. 7, § 10. Appellate jurisdiction in such cases is vested in the Court of Appeal, First Circuit, under the provisions of sections 29 and 20 of article 7 of the Constitution of 1921.
 

 For the reasons assigned, it is ordered that this appeal be and is hereby transferred to the Court of Appeal, First Circuit, in accordance with Act No. 19 of 1912; the transfer to be made within sixty ' days after this judgment becomes
 
 *635
 
 final, and, if not so made, then the appeal shall be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, and the remaining costs to await final determination of the matter.
 

 HIGGINS, J., absent.