FOURNET, Justice.
 

 The heirs of the late Casamere Acosta and his deceased wife, Mrs. Malvina Nunez, instituted this petitory action to recover from the Whitney National Bank of New Orleans a certain tract of land in St. Bernard Parish and the improvements thereon as their homestead, claiming that the bank’s acquisition of the property at a foreclosure sale was a nullity. They also seek to recover $1,500 for rents and revenues derived from the property. In the alternative, they seek to recover the sum of $2,000, the homestead value of the property.
 

 The defendants first pleaded to the jurisdiction of the court rationae personae and then filed an exception of no cause of action. When these pleadings were overruled, the defendant filed a general denial.
 
 *703
 
 It is now appealing from a judgment decreeing the plaintiffs to be the owners of the property in indivisión and ordering the bank to pay them the sum of $568, being the rents and revenues derived from the property.
 

 It appears that Casamere Acosta, subsequent to his acquisition of the property in controversy on December 26, 1923, moved thereon with his family, occupying one of the buildings as a home and, in the other, operating a store. He continued to reside there with his family until his death on September 8, 1938. His succession was opened on September 23 thereafter by his widow, who, with their children, continued to occupy the property as a home until, on November 15, 1938, some nine weeks later, she also died. From that time the five minor children of the decedents, ranging in ages from 5 to 17, made their home with an uncle and aunt, Mr. and Mrs. Louis Nunez, who lived some two blocks away. In March of 1939, at the instigation of one Richard Acosta, allegedly a brother of Casamere Acosta, the successions of the two Acostas were consolidated, inventories were taken, Richard Acosta’s application for appointment as administrator was duly published and approved, but he never qualified as such. No further action was taken in the matter until on May 15, 1945, the plaintiff, Casamere Acosta, Jr., who had been appointed dative tutor of his three minor brothers (Earl, Jesse, and Jerry), and Marion Acosta, the daughter who had reached the age of majority, accepted the successions of their parents and asked to be sent into possession of all of their rights, credits, and property.
 

 In the meantime, however, during October of 1939, the Whitney National Bank of New Orleans foreclosed on a $7,000 mortgage note executed by Casamere Acosta on October 29, 1931, by proceeding via executiva against the properties of Acosta given as security, including the property here in controversy, and became the adjudicatee of the property on April 9, 1940, for the sum of $1,000. It appears that since that time the bank has been in possession of the property and that from its rental thereof has realized the sum of $568, out of which amount taxes totalling $334.37 have been paid. In these foreclosure proceedings the bank, alleging the minors were without legally qualified tutor, secured the appointment by the court of an attorney at law to represent them, and it was with this attorney that the proceedings were carried on contradictorily.
 

 Soon after Casamere Acosta, Jr., qualified as the tutor of his minor brothers, he, individually and on their behalf, joined by his sister, instituted this suit, alleging ■that the foreclosure by and the sale to, the bank of this property that had constituted the homestead of their parents, to whose rights they as their heirs had succeeded, was null and void and the legal title there
 
 *705
 
 to had remained in these heirs since the mortgage under which the property was seized and sold contained no waiver of homestead exemption and the property sold for less than $2,000. They prayed for judgment recognizing them as the owners of the property and for $1,500 for the rents and revenues derived therefrom. In the alternative, they prayed for a money judgment for the value of the homestead exemption, $2,000.
 

 The provisions of Section 1 of Article XI of the Constitution of 1921 granting to every head of a family the right to have exempt from seizure and sale the homestead, is not self-operative. That right can only be successfully claimed upon proper showing that the debtor is the head of a family or a person having a mother or father or person or persons dependent upon him or her for support and that the property is bona fide owned and occupied by him as such, provided that the sale does not exceed the value fixed in the constitution ($2,000 at the time the property in controversy was sold, $4,000 under the 1938 amendment), in which case the beneficiary is entitled to its value in cash. Brannin v. Womble, 32 La.Ann. 805; Tilton v. Vignes, 33 La. Ann. 240; Galligar v. Payne, 34 La.Ann. 1057; Denis v. Gayle, 40 La.Ann. 286, 4 So. 3; Hayden v. Slaughter, 43 La.Ann. 385, 8 So. 919; Roy v. Godfrey, 142 La. 262, 76 So. 707; Jefferson v. Gamm, 150 La. 372, 90 So. 682; Andrews v. Mc Creary Lbr. Co., 155 La. 730, 99 So. 579, 33 A.L.R. 608; and Brantley v. Pruitt, 175 La. 879, 144 So. 604.
 

 The provisions in Section 2 of this article that no court or ministerial officer shall ever have jurisdiction or authority to enforce any judgment, execution, or decree “against the property exempted, as a homestead,” except for those debts designated therein, has been construed to mean that the courts and ministerial officers are only without jurisdiction or authority “to seize a homestead that has been judicially declared exempt from seizure for the debt attempted to be collected” (Jefferson v. Gamm, supra [150 La. 372, 90 So. 685]), but that the district courts do have jurisdiction over the determination of the question of the claimant’s right to the homestead (see cases cited supra) and also whether a particular debt is or is not one for which the homestead may be seized and sold. See, also, Cunningham v. Steidman, 133 La. 44, 62 So. 346; and Andrews v. McCreary Lumber Company, supra. (Italics ours).
 

 Furthermore, it is the settled jurisprudence of this court that the exemption is forever lost where the one entitled to claim it fails to do so at the time the property is seized and sold, and this is so even so far as the dependent wife and minor children, or other dependent members of the family, are concerned. See, Andrews v. McCreary Lumber Company
 
 *707
 
 supra; also, Kuntz v. Baehr, 28 La.Ann. 90; Gilmer v. O’Neal, 32 La.Ann. 979; Babineau v. Guilbeau, 52 La.Ann. 992, 27 So. 549; Fruge v. Fulton, 120 La. 750, 45 So. 595; Cunningham v. Steidman, supra; and Edwards Co. v. Hano, 188 La. 632, 177 So. 691.
 

 The defendant contends (1) that the plaintiffs cannot collaterally attack the sale of this property and that since they have failed to pray for the nullity thereof, they assumed the foreclosure and sale were absolute nullities; consequently, that their petition does not state a cause of action; (2) that the foreclosure proceedings, having been prosecuted against the minor heirs in the manner provided by law when such heirs are without qualified tutors, that is, contradictorily with an attorney at law appointed by the court to represent them, without any claim having been made for such homestead by this representative or by any one else on behalf of the minors at the time the property was sold, their right to claim this homestead was lost; in any event (3) that since the record conclusively shows the property was vacant from the time of the death of Mrs. Acosta and that at the time of the seizure and sale it was unoccupied by either the heirs or any one on their behalf, they are without right to claim the same as a homestead.
 

 We think the defendant’s exception of no cause of action should have been maintained. The plaintiffs have not cumulated their petitory action with one of nullity for they have failed to ask that the proceedings under which the bank acquired this property be declared null and void. They merely seek to be decreed the owners of the property on their allegation that it had been used by their parents as a homestead until their death (to whose rights they succeeded under the express provisions of the constitution) and that it was sold under a mortgage containing no
 
 homestead
 
 waiver. The proceeding under which the bank acquired this property was carried on contradictorily with the minors represented by an attorney at law in the precise manner provided by law when minors are without tutors and undertutors and the plaintiffs, in choosing to ignore it by asking that the title to this property be decreed to still be in them, assumed the proceeding to be absolutely null, needing no judicial action to set it aside, at their own risk. See, Beland v. Gebelin, 46 La.Ann. 326, 14 So. 843; Bankston v. Owl Bayou Cypress Co., 117 La. 1053, 42 So. 500; Gandy v. Caldwell, 169 La. 870, 126 So. 221; Reid v. Federal Land Bank of New Orleans, 193 La. 1017, 192 So. 688; Pryor v. Desha, 204 La. 575, 15 So.2d 891, and the authorities therein cited.
 

 For the reasons assigned, the judgment of the lower court is annulled and set aside, the exception of no cause of action is maintained, and the suit is dismissed at the cost of the plaintiffs.
 

 HAWTHORNE, J., takes no part.