CIACCIO, Judge.
Plaintiffs filed suit seeking a recognition and payment of their homestead exemption as provided for in La. Const, of 1974 Art. 12 Sec. 9. From a judgment dismissing their petition, plaintiffs have appealed. We affirm.
Defendant, Security Homestead Association, sued plaintiffs on a promissory note in the principal sum of seventy-two thousand eight hundred ($72,800.00) dollars. This note was secured by a conventional mortgage on plaintiffs’ house. Security did not, however, sue on the mortgage or seek to have it recognized in the judgment.
Judgment was rendered in favor of defendants on May 17, 1982. Pursuant to that judgment defendants caused to be issued a writ of fieri facias ordering the seizure and sale of plaintiffs’ residence. The seizure and sale were accomplished, the highest bid on the house being fifty-four thousand ($54,000.00) dollars.
Sometime after the sale plaintiffs filed this suit alleging their entitlement to fifteen thousand ($15,000.00) dollars from the proceeds of the sale representing the value of the homestead exemption provided in La. Const, of 1974 Art. 12 Sec. 9. Plaintiffs argue their entitlement to the homestead exemption because the proceedings in which Security was awarded judgment on the promissory note contained no evidence of a mortgage nor of a waiver of the homestead exemption. We do not address this issue, but decide the case on other grounds.
In Acosta v. Whitney National Bank of New Orleans, 214 La. 700, 38 So.2d 391 (1948), the Louisiana Supreme Court stated,
Furthermore, it is the settled jurisprudence of this court that the [homestead] exemption is forever lost where the one entitled to claim it fails to do so at the time the property is seized and sold, and this is so even so far as the dependent wife and minor children, or other dependent members of the family, are concerned. See Andrews v. McCreary Lumber Company [155 La. 730, 99 So. 579], supra; also, Kuntz v. Baehr, 28 La.Ann. 90; Gilmer v. O’Neal, 32 La. Ann. 979; Babineau v. Guilbeau, 52 La. Ann. 992, 27 So. 549; Fruge v. Fulton, 120 La. 750, 45 So. 595; Cunningham v. Steidman [133 La. 44, 62 So. 346], supra; and Edwards Co. v. Hano, 188 La. 632, 177 So. 691.
38 So.2d at 393.
The only exception to the requirement that the exemption must be asserted at the time *302 of the seizure and sale is that a debtor who claims entitlement to proceeds of the sale may timely urge his exemption as long as the proceeds of the sale remain in the hands of the sheriff or the purchaser at the sheriffs sale. See Lamar Life Insurance Company v. Babin, 246 La. 19, 163 So.2d 81 (on rehearing) (1964), and Cloud v. Cloud, 127 So.2d 560 (La.App. 3d Cir.1961). This exception is not applicable to the facts as presented in the record of this case.
Because plaintiffs did not timely urge their exemption, we find no error in the judgment of the district court. Accordingly, the judgment is affirmed.
AFFIRMED.