WILLIAMS, Judge.
The issue in this case is whether the Civil Sheriff for the Parish of Orleans may properly claim the $15,000.00 homestead exemption for a defendant whose property has been seized and sold through a writ of fiera facis, where that defendant/property owner is served at the same address as the property seized but has not claimed the exemption. On this petition for a declaratory judgment, the trial court ruled that the Sheriff shall protect the homestead exemption whenever he has reason to believe that it may be applicable to property subject to seizure. For the reasons assigned, we reverse the judgment of the trial court.
*599 LSA-R.S. 20:1 provides for the exemption from seizure and sale of the bona fide homestead, extending to $15,000.00 in value of that homestead. Prior to 1978, Subsection (B) of that statute mandated:
B. Whoever claims the benefit of the exemption provided by this Section shall execute a written declaration of homestead, which shall contain the following:
(1) A statement of facts showing that the claimant is a person of the description entitled thereto;
(2) A statement that the claimant is residing on the land or lot claimed as homestead and owns it by a bona fide title, stating the nature of the title;
(3) A desription of the lot or tract of land;
(4) An enumeration of the other exemptions;
(5) An estimate of the cash value of the homestead and exemptions; and
(6) A statement of intention to claim such homestead and exemptions.
The declaration must be sworn to and recorded in the book of mortgages for the parish where the homestead claimed is situated.
Acts 1977, No. 446, § 1.
The requirement that a claimant execute a written declaration of homestead to be recorded in the book of mortgages was repealed by Acts 1978, No. 13, § 1. Nonetheless, under the jurisprudence of this Circuit,
“the [homestead] exemption is forever lost where the one entitled to claim it fails to do so at the time the property is seized and sold, and this is so even so far as the dependent wife and minor children, or other dependent members of the family, are concerned.”
Perkins v. Security Homestead Ass’n, 471 So.2d 301 (La.App. 4th Cir.1985), writ den. 475 So.2d 361 (La.1985), quoting Acosta v. Whitney National Bank of New Orleans, 214 La. 700, 38 So.2d 391 (1948). This Court further stated:
The only exception to the requirement that the exemption must be asserted at the time of the seizure and sale is that a debtor who claims entitlement to proceeds of the sale may timely urge his exemption as long as the proceeds of the sale remain in the hands of the sheriff or the purchaser at the sheriffs sale.
Id. at 302.
Thus, under the jurisprudence, the person entitled to the exemption must claim it at the time of seizure and sale or when the proceeds of the sale are still with the sheriff or the purchaser at the sale. The Civil Sheriff may not automatically claim the exemption for the property owner.
For the foregoing reasons, the judgment of the trial court is reversed.
REVERSED.